[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action seeking the dissolution of a sixteen year marriage on the grounds of irretrievable breakdown. The complaint, dated August 8, 2001, was filed by the Husband. On November 9, 2001, the defendant Wife filed an answer and cross complaint in which she also seeks a dissolution of the marriage on the grounds of irretrievable breakdown.
A trial was held on April 23, 24, 26, 29, 30, and May 1, 2002. Both parties were present and were represented by counsel. Several exhibits were introduced into evidence and the court heard from three witnesses: the Husband, the Wife, and the Wife sister. After reviewing and weighing the testimony and evidence produced and having carefully assessed the credibility of the witnesses, the court finds the following to have been proven.
The plaintiff and the defendant, whose prior name was Veronica Denise Morning, intermarried on January 15, 1986, in Danbury, Connecticut. The parties resided continuously in the State of Connecticut for more than twelve months prior to the date of the complaint. There are three minor CT Page 5839 children who are issue of this marriage: Shacolbri R. Williams, born December 12, 1985; Wesley Zadey Williams, born February 3, 1993; and I'riel D. Williams, born August 20, 1994. No state or public agency has contributed to the support of either party or the children, and all statutory stays have expired. The court finds that it has jurisdiction over the parties and the marriage.
The parties jointly own a house located at 5 Mountain Road, Danbury, Connecticut. The marital home was purchased in 1991 for $165,000. Based upon the financial affidavits of the parties, the court finds the current market value of the marital home to be $235,000. The down payment and closing cost for the purchase of the marital home were provided to the Husband and Wife by the Wife's mother, by means of a gift in the amount of $20,000. The property is encumbered by two outstanding mortgage loans: Washington Mutual, approximately $83,500; and CT Housing Investment Fund, Inc., approximately $17,000.
The plaintiff is 44 years old, and the defendant is 47 years of age. Both parties are currently in good health, however, the Wife testified that she has suffered from high blood pressure for the past nine years. During the early years of the marriage, both parties were working, and the Wife did complete a computer course at Norwalk Community College and graduated sometime between 1987 and 1990. The Husband has been employed as a machinist by Norco Aviation, located in Ridgefield, Connecticut, since February of 1998. For the past ten years, the Wife has been employed by DATAHR Corporation as a group home supervisor. She also maintained additional employment for the past few years at the Danbury Mental Health Associates.
Per the Guideline study presented to the court by the plaintiff, the Husband's gross weekly salary from Norco is $620. His net weekly salary is $496. The Wife's gross weekly salary from her principal employment is $1072; her net weekly salary is $857.
The Court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders as well as the evidence, testimony and claims of law made by the parties.
 ORDERS
DISSOLUTION OF MARRIAGE
A decree dissolving the marriage on the grounds of irretrievable breakdown shall enter on May 8, 2002. CT Page 5840
CUSTODY/VISITATION
The Husband and Wife shall have joint legal custody of the minor children. The Wife shall have physical custody of the minor children. The Husband shall have the right of reasonable, flexible, and liberal visitation.
CHILD SUPPORT
The Husband shall pay to the Wife the sum of $173 per week as child support for the three children, said sum being in compliance with the Child Support Guidelines. An immediate income withholding shall enter.
The obligations of support and maintenance of the minor children shall terminate as each such child attains the age of eighteen (18) years, marries, dies, becomes employed full-time being no longer enrolled in high school, or ceases to reside with the Wife under circumstances where the Wife is no longer furnishing the childs support or becomes otherwise emancipated, whichever occurs first.
Notwithstanding that a child has reached the age of eighteen (18) years, if the child is a full-time high school student and continues to reside with the Wife, the Husband shall continue to pay child support as specified above until the child completes the twelfth grade or attains the age of nineteen (19) years, whichever occurs first.
As long as he is current on his child support payments, the Husband shall take the oldest child as dependent for tax purposes. The Wife shall take the two youngest children as dependents for tax purposes.
ALIMONY
Both parties are capable of supporting themselves, therefore, the court shall order that neither party shall pay alimony to the other.
MEDICAL INSURANCE AND UNREIMBURSED MEDICALS — CHILDREN
The Wife shall maintain, at her sole expense, the present medical/dental insurance for the children as long as said benefits are available to her through her employment at a reasonable cost. If said insurance is no longer available to the Wife and said insurance is available to the Husband through his employment at a reasonable cost, he shall provide same for the children. If neither party has medical/dental insurance available to them through their employment, they shall equally share the cost for obtaining same. CT Page 5841
Pursuant to the Child Support Guidelines, the Husband shall pay 24 percent of the unreimbursed medical/dental expenses. and the Wife shall pay 76 percent of same. The Wife shall not contract for any extraordinary expenses for the children without first consulting with the Husband except in case of emergencies. The provisions of § 46b-84 (e) shall apply.
MEDICAL INSURANCE — WIFE
The Wife shall be responsible for her own medical insurance coverage.
LIFE INSURANCE
The Husband shall continue to maintain life insurance in the amount of $100,000 with the children as the beneficiary for as long as he is obligated to pay child support. The Husband shall provide to the Wife proof of said insurance on an annual basis.
The Wife shall continue to maintain life insurance in the amount of $100,000 with the children as the beneficiary for as long as the children remain under the age of eighteen years. The Wife shall provide to the Husband proof of said insurance on an annual basis.
Each party shall retain any and all other life insurance policies they have in their name, free and clear of any claim by the other party.
PERSONAL PROPERTY/BANK/IRAs/401K ACCOUNTS/PENSIONS
The Husband shall retain his clothing and music and music/recording equipment from the marital home. All other personal property in the marital home shall be the property of the Wife.
Each party shall retain their own bank account, IRA, 401 K and pension which is in their name, free and clear of any claim by the other.
REAL PROPERTY
The Wife shall continue to have exclusive use and possession of the marital home at 5 Mountain Road, Danbury, Connecticut for two years from the date of this dissolution. She shall be solely responsible for all costs associated with the marital residence. She shall be entitled to the tax and mortgage interest deductions for the marital residence from January 1, 2002 and forward.
On or before March 1, 2004, the Wife shall inform the Husband, in CT Page 5842 writing, if she wishes to exercise the right of purchasing from the Husband his one-half share of the property. The parties shall mutually agree upon a purchase price. If they are unable to do so, they shall each select a real estate appraiser. The appraisers selected by the parties shall jointly select a third appraiser who shall then set the purchase price and whose fee shall be an expense of the sale. Each party shall be responsible for the fee of his/her respective real estate appraiser. No later than May 8, 2004, the Wife shall pay to the Husband the amount equal to his one-half share of the property, less the costs of the usual costs of closing, as defined below. The Husband shall then quitclaim to the Wife all his right, title and interest in and to the property. The Wife shall then indemnify and hold the Husband harmless in regard to the first and second mortgages.
On or before May 8, 2004, if the Wife has not exercised her option to purchase the Husband's share, the property shall be listed for sale with a licensed real estate broker. The parties shall mutually agree upon a listing price. If they are unable to do so, they shall each select a real estate appraiser. The appraisers selected by the parties shall jointly select a third appraiser who shall then set the listing price and whose fee shall be an expense of the sale. Each party shall be responsible for the fee of his/her respective real estate appraiser. The parties shall accept any offer within 5 percent of the listing price. Every ninety days, the parties shall review the listing price of the property. If they are unable to agree upon a new price, then the previous listing price shall be reduced by 5 percent.
The Wife shall be solely responsible for any repair under $1000. Any repair in excess $1000 shall be equally divided between the parties. The Wife shall not contract for any repairs over $1000 without the prior written consent of the Husband. The Husband shall not unreasonably withhold his consent.
Until the marital property is sold, the Wife shall pay the monthly installments due on the first and second mortgages including taxes and insurance. The Wife shall be solely responsible for all the utilities.
When the property is sold, the proceeds shall be divided as follows: The Wife and the Husband shall be entitled each to 50 percent of the net proceeds. "Net proceeds" shall mean the sale price less the usual and standard costs of closing and the payoff of the first and second mortgages.
DIVISION OF DEBTS
Except as otherwise provided herein, the Husband shall be responsible CT Page 5843 for the debts on his financial affidavit and the Wife shall be responsible for the debts on her financial affidavit.
ATTORNEY FEES
The parties shall each be solely responsible for their own attorney's fees.
TAX RETURNS
The parties shall file separate tax returns for the year 2002 and thereafter.
MOTOR VEHICLES
The parties shall be entitled to their respective motor vehicles.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
Ginocchio, J.